**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN J. ASENDORF and SHIRLEY
PICKFORD ASENDORF,

                   **Plaintiffs,**

-vs-                                                    Case No. 6:09-cv-1551-Orl-31KRS

ECONOMY PREMIER ASSURANCE
COMPANY,

                   **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**     **UNOPPOSED MOTION TO . . . COMPEL EXECUTION OF SETTLEMENT RELEASES (Doc. No. 34)**
>
> **FILED:**        **October 5, 2011**

### I.   PROCEDURAL HISTORY.

      Defendant Economy Premier Assurance Company ("EPAC") issued an insurance policy number 7259963740 (the "Policy"), Doc. No. 48-1, to Plaintiffs Shirley Pickford Asendorf and John J. Asendorf. Coverage under the Policy is comprehensive, and includes homes, rental property, fine arts, personal property and vehicles. The listed vehicles include a 1992 Avion Trailer Fifth Wheel and a 2000 Avion Savana (the "Avion Trailers"). *Id.* at 16.

In their complaint, the Asendorfs allege that their home located in Geneva, Florida and the contents of the home were damaged in 2004 as a result of sudden and accidental wind and water damage. Doc. No. 2 ¶ 6. They sought a judgment requiring EPAC to pay the full of amount for structural damages, damage to contents, damages for loss of use and interest and attorney's fees. *Id.* ¶ 3.[1]

The Policy contains an appraisal provision. Doc. No. 48-1 at 60. It provides that if the parties fail to agree on the amount of loss, either party may make a written demand for appraisal. If the appraisal provision is invoked, each party chooses a disinterested appraiser to set the amount of loss. If the appraisers do not agree on the amount of loss, then the appraisals will be submitted to an umpire designated by the parties or a judge. A written agreement signed by any two of these individuals will set the amount of loss. *Id*. at 60-61.

After the complaint was filed, counsel for the parties entered into a Stipulation of Settlement and Request to Stay Case Pending Appraisal, Doc. No. 21. In this document, they requested that the Court reserve jurisdiction as to any coverage issues and stay the case pending the appraisal procedure provided for in the Policy as set forth in more detail in the parties' Memorandum of Appraisal. They further stated that "[t]he Plaintiffs agree to execute a General Release of All Claims in favor of the Defendant once the appraisal award is paid." *Id*. at 1.

The Memorandum of Appraisal states that "[t]he parties have agreed to appraise the loss(es) to resolve their differences over the amount of loss(es), but the *insurer* asserts that the

---

[1] During oral argument on the motion, counsel agreed that EPAC had settled other claims under the Policy arising from damage caused by the 2004 hurricanes, including damage to motor vehicles and other personal property, before the complaint was filed.

claim may include coverage issues not appropriate for appraisal." Doc. No. 21 at 2 (emphasis added). It further states that "[c]overage questions are outside the scope of the appraisal proceeding and shall be reserved for resolution by the parties or the Court . . . . Accordingly, submission of the amount of the loss to appraisal does not foreclose *EPAC's* subsequent challenge on an issue of coverage or prevent the *insurer* from subsequently challenging an element of loss or item awarded as not being covered by the [P]olicy." *Id*. at 1-2 (emphasis added).

In the Memorandum of Appraisal, the parties agreed that John Upchurch would serve as the umpire. They further agreed that "the appraisers and/or Mr. Upchurch will consider the full scope of the personal property, and award Replace Cost Value ('RCV') for those items that in their determination were actually replaced or which they believe would reasonably be replaced, and award Actual Cash Value ('ACV') for the remainder." Doc. No. 21 at 3. Finally, the parties agreed that "[t]he items that have been replaced will be awarded at RCV, based also on the appraiser's agreement or the umpire's determination of relatedness to the loss or mitigation of damages arguments." *Id*.

The Court stayed the litigation pending the appraisal process. Doc. Nos. 24, 27. The parties requested continuation of the stay for another thirty days to obtain signed releases from the Asendorfs. Doc. No. 32. On October 4, 2011, the Court directed the Clerk of Court to close the case. Doc. No. 33.

On October 5, 2011, EPAC filed an unopposed motion to reopen the case, enforce the parties' settlement agreement and compel execution of the settlement releases. Doc. No. 34. EPAC represented that it has provided payment drafts in the amount of the appraisal award to its counsel which will be tendered to the Asendorfs in exchange for the executed releases. *Id*. The

Asendorfs, filing on their own behalf, responded to the motion indicating that they had issues regarding the payment EPAC intended to make pursuant to the appraisal award, specifically the amount of the offsets for deductibles and credit for previous payments. Doc. No. 38.

Thereafter, the Court reopened the case and referred the above-referenced motion to the undersigned. Doc. No. 40. I ordered counsel for the parties to confer in a good faith effort to resolve the concerns raised by the Asendorfs. Doc. No. 41. Oral argument on the unresolved issues was held on February 9, 2012. Counsel advised the Court at the hearing that issues regarding prior payments and offsets had been resolved.[2] Counsel for the Asendorfs indicated, however, that the Asendorfs now contend that their claim for damages to the Avion Trailers has not been resolved because EPAC has not issued separate claim numbers for these vehicles. Counsel agreed that the Asendorfs did not raise the issue of damages to the Avion Trailers during the settlement negotiations and that damage to the Avion Trailers was not considered in the agreed appraisal process.

Following the hearing, counsel presented supplemental filings as required by the Court. Doc. Nos. 48, 50, 52. Accordingly, the motion is ripe for review.

## II. ANALYSIS.

"To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Skrtich v. Thornton*, No. 3:99-CV-742-J-25HTS, 2003 WL 24845555, at * 2 (M.D. Fla. March 28, 2003). The record reflects that the

---

[2] Counsel advised the Court that approximately $12,000 had been paid directly to a contractor who performed repair work. Plaintiffs contended that the appraisal award was not consistent with the appraisal process because this earlier payment had been deducted. To resolve the issue, EPAC reissued the $12,000 check to Plaintiffs. *See* Doc. No. 34-2.

Asendorfs were aware of the settlement negotiations. Their counsel signed the Memorandum of Appraisal on their behalf. *See* Doc. Nos. 21 at 3. Mr. Asendorf admitted in his *pro se* response to the motion that, "Plaintiff is in possession of a release, prepared by Defendant, that had been approved by both Plaintiff and its counsel for execution once the pending issues were clarified." Doc. No. 38 at 2-3. The "pending issues" as set forth in the *pro se* response involved offsets to the appraisal award. There is no mention of issues regarding damages to the Avion Trailers in the *pro se* response. Counsel advised the Court at the hearing on the motion that the issues regarding the payment pursuant to the appraisal award have been resolved.

The record reflects that the parties entered into a settlement agreement the terms of which were sufficiently specific and mutually agreed upon. Therefore, the settlement agreement can be enforced. Pursuant to the agreement, the Asendorfs must sign a general release of all claims.

The form of the general release remains in dispute. EPAC states that the form of release Mr. Asendorf indicated in his *pro se* response was approved was later modified at the Asendorfs' request to add a confidentiality provision. Doc. No. 50 at 1. The Asendorfs apparently do not agree to the release as modified. Doc. No. 38 at 3. EPAC is willing to accept the original form of general release that Mr. Asendorf indicated had been approved by Plaintiffs, Doc. No. 38-1, without the confidentiality provision. Accordingly, it is appropriate to require the Asendorfs to sign the General Release in the form they originally agreed to sign, as found in the Court's record at Doc. No. 38-1.

The Asendorfs now argue that this release does not dispose of their claim for damages to the Avion Trailers as a result of the 2004 hurricanes. Under the General Release Mr. Asendorf indicated had been approved, however, the Asendorfs agreed to release EPAC for all claims

> arising out of or in connection with any and all claims made or which could have been made for damages relating to the 2004 Hurricanes Charlie and Frances assigned claim numbers TAB10354 and TAB17789, as more particularly described in the pleadings filed in the action styled *John J. Asendorf and Shirley Pickford Asendorf v. Economy Premier Assurance Company*, which action is pending in the United States District Court for the Middle District of Florida under case number 6:09-cv-1551-Orl-31KRS, including claims which were known or unknown, foreseen or unforeseen, accrued or unaccrued, and also including all claims for attorneys' fees, interest, costs, **and any and all other claims, demands or damages arising under the policy**, arising out of the adjustment process, arising out of contract, arising under statute, or involving extra-contractual relief, bad faith, or unfair claim practices.

Doc. No. 38-1 at 2 (emphasis added). Therefore, if the scope of the release is a matter the Court chooses to consider with respect to the instant motion, I recommend that the Court find that the claims regarding damages to the Avion Trailers are released by the General Release approved by the Asendorfs.[3]

## III. RECOMMENDATION.

For the reasons set forth herein, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Unopposed Motion to Compel Execution of Settlement Releases, Doc. No. 34, and **ORDER** John Asendorf and Shirley Pickford Asendorf to sign the General Release, Doc. No. 38-1, and tender it to counsel for EPAC within fourteen days after the Court's order on this Report

---

[3] In their *pro se* response to the motion, the Asendorfs asked the Court for guidance regarding the Rules Regulating the Florida Bar. Doc. No. 38. To the extent that the Asendorfs have concerns about their counsel's compliance with the Rules Regulating the Florida Bar, those concerns should be directed to the Florida Bar, not to this Court.

and Recommendation. Thereafter, I recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 6, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy